IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH HARRIS,** | : CIVIL ACTION NO. 1:23-CV-1691 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **SUPERINTENDENT OF SCI-ROCKVIEW,** | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Kenneth Harris, challenges his conviction and sentence for rape, sexual assault, and attempted rape in the York County Court of Common Pleas. We will dismiss the petition without prejudice for failure to exhaust state court remedies.

**I.     Factual Background & Procedural History**

Harris's criminal charges arose from an incident on June 11, 2019, when York City Police officers responded to an emergency call from a man stating that his neighbor was yelling out that she was being raped. See Commonwealth v. Harris, 293 A.3d 615, No. 851 MDA 2022, 2023 WL 2003257, at *1 (Pa. Super. Ct. Feb. 15, 2023). The officers responded to the scene and heard a scream from inside the victim's apartment. Id. They immediately entered and found the victim lying on the floor with her pants pulled down and Harris naked and on top of her. Id. The victim told the officers that Harris was trying to rape her, but Harris stated that the sexual encounter was consensual. Id. The officers observed that Harris's lip was bleeding, which Harris stated was caused by the victim punching him. Id. The

victim was taken to the hospital, where she was found to have "injuries to her elbows, bruising, tenderness, abrasions, and lacerations to her vaginal area." Id. "An exam of the interior of her vagina revealed multiple injuries and blood at the bottom of her cervix where her cervix and vagina meet." Id. The victim was interviewed by police shortly after the assault and stated that Harris had pulled down her pants and underwear and had forced his penis into her vagina multiple times. Id.

Harris was charged with rape and sexual assault. Id. Following a three-day jury trial, Harris was convicted of rape, sexual assault, and attempted rape on May 21, 2021. Id. at *2-3. The lesser included offense of attempted rape was added to the information against Harris at the Commonwealth's request after all evidence had been presented but prior to closing arguments. Id. at *2. On January 6, 2022, Harris was sentenced to 25-50 years of incarceration. Id. at *3.

Harris appealed his conviction and sentence to the Pennsylvania Superior Court, asserting (1) that the conviction was against the weight of the evidence; (2) that there was insufficient evidence to support his convictions for rape and sexual assault; (3) that the trial court abused its discretion in imposing the sentence of 25-50 years; and (4) that the trial court erred by allowing amendment of the information to include the charge of attempted rape. Id. The superior court affirmed the judgment of sentence on February 15, 2023. Id. at *8. Harris filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on July 25, 2023. Commonwealth v. Harris, 302 A.3d 624 (Pa. 2023). He did not file a petition for writ of certiorari to the United States Supreme Court. Harris

has not filed any petitions for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA").  See Commonwealth v. Harris, No. CP-67-CR-0004733-2019 (York Cnty. Ct. of Common Pleas filed July 29, 2019).

Harris filed the instant petition on October 11, 2023.  (Doc. No. 1).  We liberally construe the petition and the attached exhibits to assert the following six arguments for habeas corpus relief: (1) that Harris's due process rights were violated when the Commonwealth withheld hospital records from him for two years; (2) that trial counsel was ineffective in failing to object about the withheld hospital records; (3) that counsel provided ineffective assistance during trial; (4) that counsel was ineffective for failing to object to a lack of probable cause supporting Harris's arrest; (5) that counsel was ineffective for failing to file a PCRA petition on Harris's behalf; and (6) that hospital records and other evidence in the record show that Harris is innocent of rape and sexual assault.  (See Docs. 1, 1-1, 1-2, 1-3).

Respondent moved to dismiss Harris's petition for failure to exhaust state court remedies on November 20, 2023.  (Doc. 12).  Harris has not responded to the motion, and the deadline for doing so has expired under the Local Rules.  The petition for writ of habeas corpus and related motion to dismiss are ripe for review.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.

**III.     Discussion**

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842. To be deemed exhausted, a federal habeas corpus claim must be "fairly presented" in state court, meaning that the petitioner must present the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005) (internal citations and quotation marks omitted). When federal claims have not been fairly presented in state court but may still be asserted in state court in accordance with state procedural rules, dismissal of the claims without prejudice for failure to exhaust state court remedies is appropriate. Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

A review of Harris's petition and the record of the state court proceedings shows that Harris has not exhausted state court remedies. In his direct appeal, Harris asserted claims that his conviction was against the weight of the evidence, that there was insufficient evidence to support his conviction, that the trial court abused its discretion in imposing his sentence, and that the trial court erred by allowing the information against him to be amended. See Harris, 2023 WL 2003257, at *3. None of these claims can be construed as fairly presenting the due process,

4

ineffective assistance of counsel, or actual innocence arguments that Harris advances in the instant federal petition.

Dismissal of Harris's claims without prejudice is appropriate because Harris may still present his claims in state court in accordance with Pennsylvania law. The PCRA allows petitioners to seek state collateral relief "within one year of the date the judgment becomes final."  42 Pa.C.S. § 9545(b)(1)(ii).  Harris's conviction became final on October 23, 2023, the deadline to seek a writ of certiorari from the United States Supreme Court.  See Harris, 302 A.3d at 624; U.S. SUP. CT. R. 13. Hence, because Pennsylvania law allows Harris to file a PCRA petition asserting his claims within one year of October 23, 2023—or no later than October 23, 2024—we will dismiss his petition without prejudice for failure to exhaust state court remedies.  See Lines, 208 F.3d at 159-60.

## IV.    Conclusion

We will dismiss Harris's petition without prejudice for failure to exhaust state court remedies.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    February 14, 2024